**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CONNIE WILSON**                                                                                    **PLAINTIFF**

**v.**                                    **CASE NO. 4:05-CV-562**

**UNITED STATES OF AMERICA, and
DR. PENNEY ISRAEL, officially and individually**                            **DEFENDANTS**

## ORDER

Presently before the Court is Separate Defendant Dr. Penney Israel's Motion for

Summary Judgment and, in the Alternative, the Motion of Defendants for Transfer to the United

States District Court of New Mexico.  After considering the issue, the Court concludes that

Separate Defendant Dr. Penney Israel's Motion for Summary Judgment should be denied, and the

Motion of Defendants for Transfer to the United States District Court of New Mexico should be

granted.

**I.  Background**

Plaintiff alleges that on or about July 24, 2002, she was working as a nurse in the

Emergency Room at the Northern Navajo Medical Facility in Shiprock, New Mexico. Defendant

Penney Israel, a physician in the Emergency Room, was discussing a patient's lab results over the

telephone with another physician. Plaintiff allegedly noticed that Dr. Israel was using the wrong

patient chart and attempted to provide the correct chart to Dr. Israel. Then, Plaintiff alleges that

"Dr. Israel, without provocation or privilege, suddenly and violently attacked the Plaintiff,

grabbing her by the shoulder and then around her neck, slamming her in the wall and choking

her." (Complaint, ¶ 13).

1

Plaintiff filed the Complaint on April 6, 2005, seeking $6,000,000.00 in damages, pursuant to the Federal Tort Claims Act (FTCA) and pendent state law claims alleging: (1) negligent training, supervision, and retention by Defendant United States; (2) intentional or negligent infliction of emotional distress by both Defendants; and (3) assault and battery by Defendant Israel.

On April 7, 2006, Separate Defendant Dr. Penney Israel filed her Motion for Summary Judgment and, in the Alternative, Motion of Defendants for Transfer to the United States District Court of New Mexico.  As the basis of the motions, Defendant Israel asserts that the Court should dismiss this case because it does not have personal jurisdiction over her and that the Eastern District of Arkansas is not the proper venue for Plaintiff's claims against her.  In the event that the Court does not dismiss the Complaint for lack of personal jurisdiction or improper venue, Defendants request that the case be transferred pursuant to 28 U.S.C. § 1404(a).

## II.  Motion for Summary Judgment

### A.  Personal Jurisdiction and Venue

Federal Rule of Civil Procedure12(g) states in relevant part:

> If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Fed. R. Civ. P. 12(g).  Plaintiff claims that Dr. Israel waived her objections based upon lack of personal jurisdiction and improper venue by failing to comply with this rule.  While Dr. Israel is correct in her assertion that subsections (g) and (h)(1) of Federal Rule of Civil Procedure 12 do

not provide for waiver if the omitted defense was not "then available" to the party who made the previous Rule 12 motion, the Complaint and Defendants' Motion to Dismiss filed by "defendants," pursuant to Rule 12(b)(1), make it clear that Dr. Israel was on notice that she was being sued in both her official and individual capacities, and that Defendants' Motion to Dismiss was on her behalf in both capacities.  The Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction states, "The defendants are the United States of America and Dr. Penney Israel, officially and individually."[1]  Defendants then quote the portion of the Complaint which states, "To the extent that it is found that any act of Dr. Israel at any relevant time exceeded her authority, she is joined individually as well as in a pendent state claim, *infra*."[2] Defendants further state, "Plaintiff seems to recognize that her state-law claims against Dr. Israel individually, and her FTCA claims against the government do not create joint <u>and</u> several liability."[3]  While the arguments to dismiss for lack of subject matter jurisdiction over the "claims against Defendant Dr. Elizabeth (Penney) Israel" seem to assume that Dr. Israel was acting in her official capacity, the motion requests "the individual defendant Dr. Penney Israel, officially and individually, should be dismissed from this cause of action."  In Defendants' Reply Brief in Support of Motion to Dismiss, Defendants request that the "government's motion to dismiss the FTCA claims against it" be deferred pending a determination by the Court of the

---

[1]*See* Defendants' Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, p. 2.

[2]*See* Defendants' Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, p. 2 (quoting Plaintiff's Complaint ¶ 3).

[3]*See* Defendants' Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, p. 4.

threshold issue of scope of employment.  Defendants further state, "In the event the Court

determines Dr. Israel was not acting within the scope of her employment for respondeat superior

purposes, the motion to dismiss her FTCA claims would be moot," and have included a footnote

stating, "It is unlikely that this Court would have personal jurisdiction over her."

This conclusion is further supported by the fact that Dr. Israel was operating under the

assumption that the Federal Rule of Civil Procedure 12(a)(4) extension of time to file an answer

until 10 days after notice of the Court's action denying the Motion to Dismiss applied to her

Answer, as she filed her Motion for Extension of Time to File Answer ten days after the Court

denied Defendants' Motion to Dismiss, approximately ten months after Plaintiff filed her

Complaint, rather than 60 days after service of process under Federal Rule of Civil Procedure

12(a)(3)(B).  Also, the defense of lack of personal jurisdiction was obviously available at that

time, as evidenced by the fact that Dr. Israel's current counsel mentioned the possibility of the

defense in a footnote in a reply brief.

Although Defendant Israel argues that the claims against her individually were "pled in

the alternative,"[4] the Complaint states, "Plaintiff also brings pendent state claims against the

separate defendant, Dr. Penny Israel in her individual capacity for assault and battery and

intentional or negligent infliction of emotional distress."  Furthermore, even if the language in

the Complaint seems to conflict, it is clear that Dr. Israel operated under the assumption that she

was a defendant in her individual capacity by the timing of the filing of her pleadings, as

---

[4]In support of this argument, Defendant Israel cites to paragraph three of Plaintiff's
Complaint, which states, "To the extent that it is found that any act of Dr. Israel at any relevant
time exceeded her authority, she is joined individually as well in a pendent state claim, *infra*."

discussed above.  Further, it is clear that the improper venue objection raised here was previously

available to Defendant Israel, as it was clear that pendent state law claims were asserted against

her.  Dr. Israel should have included her objections based on lack of personal jurisdiction and

improper venue in the original Motion to Dismiss filed by the "Defendants" to preserve these

defenses.  The Rule 12(b) defenses of lack of personal jurisdiction and improper venue were

"then available" to Dr. Israel at the time the original Motion to Dismiss was filed on behalf of the

United States and Dr. Israel.  Additionally, the Court agrees with Plaintiff's assertion that

Defendant Israel is improperly asserting an untimely 12(b) motion in the guise of a motion for

summary judgment.  Therefore, Defendant Israel waived her personal jurisdiction and improper

venue objections, and Defendant Israel's Motion for Summary Judgment on that basis is denied.[5]

### B.  Negligent Infliction of Emotional Distress

Because the Court has decided to transfer the case to the United States District Court for

the District of New Mexico, it chooses not to rule on the motion for summary judgment on

Plaintiff's state law claim for negligent inflinction of emotional distress, recognizing that the New

Mexico district court's superior knowledge of the substantive law of that state.

## II.  Motion to Transfer

While the Court rejects Defendant Israel's attempt to raise an improper venue objection in

the form of a motion for summary judgment, when that objection should have been raised in a

previous motion to dismiss, a motion to transfer the case pursuant to 28 U.S.C. § 1404(a) is not

---

[5]The Court recognizes that Defendant Israel would likely waive her improper venue and personal jurisdiction arguments for purposes of her alternative motion to transfer, however, the Court finds that it is necessary to address those arguments for purposes of determining whether to proceed under 28 U.S.C. section 1404(a) or section 1406(a).

an objection to improper venue, which under Federal Rule of Civil Procedure 12(b) would be required to be made before answer. *See Nowotny v. Turner*, 203 F. Supp. 802, 805 (D.C.N.C. 1962) (citing *Spence v. Norfolk & W. Ry. Co.*, 89 F. Supp. 823 (D.C. Ohio 1950)). Because Defendant has waived her personal jurisdiction and improper venue objections, the Court should consider the Motion to Transfer under 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought," rather than 28 U.S.C. § 1406(a), because the Court has personal jurisdiction over Defendant Israel and venue is therefore proper in this district due to Defendant Israel's waiver.[6]  The motion to transfer under 28 U.S.C. § 1404(a) applies to FTCA cases even though 28 U.S.C. § 1402, a special venue statute, controls such cases. *Id.* (citing 1 Barron & Holtzoff, *Federal Practice & Procedure*, p. 408).  This Court has the authority to transfer the action to a more convenient forum pursuant to 28 U.S.C. § 1404(a).

"[A] party moving under section 1404(a) must demonstrate that venue is proper in both the transferor and transferee districts, and that transfer serves the convenience of parties and witnesses and the interests of justice." *VMS/PCA Ltd. Partnership v. PCA Partners Ltd. Partnership*, 727 F. Supp. 1167, 1173 (N.D. Ill. 1989); *see also* Wright, Miller & Cooper,

_____

[6]The Court notes that it is particularly important to determine whether to apply Section 1404 or Section 1406 because a defendant loses the right to obtain a transfer or dismissal of the action for improper venue under Section 1406(a) unless he or she preserves this defense by making a timely and sufficient objection to improper venue and by avoiding conduct that might be considered an implicit waiver. *See* 17 *Moore's Federal Practice - Civil* § 111.18, § 111.36. However, waiver of the objection to improper venue does not preclude a Section 1404(a) motion to transfer for the convenience of the parties and witnesses. *Id.*

6

*Federal Practice and Procedure: Jurisdiction 2d* § 3827 (1986) (explaining venue must be proper before a court can transfer a case under 28 U.S.C. § 1404).  As discussed above, Defendant Israel has waived her objection to improper venue, and therefore, venue is proper in the Eastern District of Arkansas.  However, even if the Court were to consider Defendant's argument that the Eastern District of Arkansas is not the proper venue for Plaintiff's state law claims against her individually, the Court would apply the doctrine of pendent venue to those claims.  Defendant argues that because the state law claims are brought pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367, the applicable venue provision is 28 U.S.C. § 1391(b), which permits venue in the district where any defendant resides, if all defendants reside in the same State, a district in which a substantial part of the events giving rise to plaintiff's cause of action occurred, or a district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  Even if Defendant's assertions regarding the applicable venue provisions are correct, the Court finds that it would be appropriate to apply the doctrine of "pendent venue," and thus, venue would be appropriate in the Eastern District of Arkansas.  *See Bredberg v. Long*, 778 F.2d 1285, 1288 (8th Cir. 1985).[7]  Under the doctrine of pendent venue, federal courts may exercise their discretion to hear claims as to which venue may be lacking if those claims arise out of a common nucleus of operative facts with claims as to which venue is proper. *See VMS/PCA Ltd. Partnership v. PCA Partners Ltd. Partnership*, 727 F. Supp. 1167, 1174 (N.D. Ill. 1989).  The touchstones in the pendent venue

---

[7]The Eighth Circuit in *Bredberg* stated, "Where a federal court (in the absence of diversity of citizenship) exercises pendent jurisdiction over state-law claims joined with federal claims, an independent basis for venue over the state-law claims is unnecessary."  778 F.2d at 1288 (citing *Travis v. Anthes Imperial Ltd.,* 473 F.2d 515, 528-29 (8th Cir. 1973)).

analysis are judicial economy, convenience and fairness. *Id.*  Plaintiff's Complaint states that she is a resident of Mountain View, Arkansas, which is located in Stone County in the Eastern District of Arkansas.  Venue is proper in the Eastern District of Arkansas for Plaintiff's claims under 28 U.S.C. § 1402(b), the venue provision of the FTCA, which provides, "Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where *the plaintiff resides* or wherein the act or omission complained of occurred." (Emphasis added).  Plaintiff's state law claims unquestionably arise out of the same nucleus of operative facts as Plaintiff's FTCA claims.[8]  Judicial economy, the convenience of the parties and fairness dictate that the state law claims should be tried together with the FTCA claims.

Since venue would be appropriate in the Eastern District of Arkansas, the transferor district, the Court must determine whether venue is also appropriate in the District of New Mexico, the transferee district.  Plaintiff's Complaint describes the events that give rise to this lawsuit as occurring at the Northern Navajo Medical Center in Shiprock, New Mexico.  Plaintiff's federal claims could have been brought in the United States District Court for the

---

[8]The Court recognizes that in its analysis of the applicability of 28 U.S.C. § 2680(h) in the Order on Defendants' Motion to Dismiss the Court denied the request for dismissal by Defendant United States based upon its claim that Plaintiff's claims against it "arise out of" the alleged assault and battery by Dr. Israel.  However, the Court denied the dismissal not because the state law claims and FTCA claims did not arise out of the same nucleus of operative facts, but because in "some situations the fact that an injury was directly caused by an assault or battery will not preclude liability against the Government for negligently allowing the assault to occur." *See Sheridan v. United States*, 487 U.S. 392, 298 (1988).  Such an exception applies when "the negligence of other Government employees [] allowed a foreseeable assault and battery to occur," however, the Court noted its doubt that Plaintiff could sustain her burden of proving that Defendant United States was negligent or that Dr. Israel's alleged assault was reasonably foreseeable by Defendant United States.

District of New Mexico since that court would have subject matter jurisdiction over the FTCA claim under 28 U.S.C. § 1346(b)(1) and venue under 28 U.S.C. § 1402(b), which provides, "Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or *wherein the act or omission complained of occurred*." (Emphasis added).  Plaintiff's state law claims could have been brought in the United States District Court for the District of New Mexico since that court would have subject matter jurisdiction over the state law claims under 28 U.S.C. § 1367 and venue under 28 U.S.C. § 1391(b), which permits venue in a district in which a substantial part of the events giving rise to plaintiff's cause of action occurred.  Because venue is proper in the Eastern District of Arkansas and in the District of New Mexico, the Court must proceed to a determination of whether transfer serves the convenience of parties and witnesses and the interests of justice.

District courts generally give deference to the plaintiff's choice of forum, and therefore, the defendant has the burden of showing that a transfer is justified.  *Terra Int'l, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  28 U.S.C. § 1404(a) identifies three general categories of factors to be considered when passing on a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses, and (3) the interests of justice. *Id.*  These are not the only factors a Court may consider, however.  The Eighth Circuit has approved the consideration of "all relevant factors" in making a "case-by-case evaluation of the particular circumstances at hand."  *Id.*  Specifically, the Eighth Circuit has upheld the consideration of (1) the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (2) the accessibility to records and documents, (3) the

location where the conduct complained of occurred, (4) the applicability of each forum state's substantive law, (5) judicial economy, (6) the plaintiff's choice of forum, (7) the comparative costs to the parties of litigating in each forum, (8) each party's ability to enforce a judgment, (9) obstacles to a fair trial, (10) conflict of law issues, and (11) the advantages of having a local court determine questions of local law.  *Id.* at 696.

Plaintiff correctly asserts that her choice of forum should be given more weight, as the chosen forum is her residence.  *See* 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3849 (1986).  However, the plaintiff's choice of forum is assigned less weight if the operative events giving rise to the lawsuit took place in a forum other than that chosen by the plaintiff.  *Moore's Federal Practice* § 111.13[1][c][iii]; *see also Nelson v. Soo Line R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999).  Here, it seems that the only connection of this case to Arkansas is that Plaintiff is a resident of Mountain View, Arkansas.  The events giving rise to the lawsuit took place in the District of New Mexico.  Additionally, according to the Defendants, "[v]irtually all of the witnesses reside in the vicinity of Northern Navajo Medical Center (NNMC), Shiprock, New Mexico."  In Plaintiff's administrative claim, the five named nurses and one unnamed receptionist Plaintiff lists as witnesses were employed at NNMC.  Plaintiff's administrative claim also lists the patient and family member who witnessed the incident (names unknown).  Furthermore, Defendant Israel is a physician at NNMC, and resides just outside of the New Mexico-Colorado border.  The events that give rise to this lawsuit are in dispute. Testimony from these witnesses may be necessary to determine what occurred, and the Court recognizes the importance of live testimony in situations such as this.  Also, the documents and records relevant to this matter are undoubtedly located in New Mexico.  In considering the

10

convenience of the parties and witnesses, it is clear that the balance weighs in favor of transferring this case to the District of New Mexico.

In considering the interests of justice, the laws of New Mexico will apply to several of the claims of the Plaintiff, and the District Court of New Mexico is more familiar with the law of that forum.  While the Court has also carefully considered Plaintiff's claim that she would be unable to pursue her claim in the District of New Mexico because of her limited income and limited ability to travel due to her injuries, Plaintiff provides no documentation, medical or otherwise, supporting her assertions.  Although this case has been pending in this Court since April 6, 2005, it appears that little, if any, discovery has been conducted.  Additional motions for summary judgment are anticipated, which should address the core of Plaintiff's claims, rather than preliminary jurisdictional matters.  This case is not currently set for trial in this district.  The median time for a case to go from filing to disposition in this district is 12.8 months, and from filing to trial is 22.8 months.[9]  The median time for a case to go from filing to disposition in the District of New Mexico is 10.1 months, and from filing to trial is 16.7 months.[10]

The Court concludes that the convenience of parties and witnesses and the interests of justice support a transfer of venue to the United States District Court for the District of New Mexico.  Therefore, Defendants' Alternative Motion to Transfer is granted.

Accordingly,

---

[9]*See United States District Court Judicial Caseload Profile - Eastern District of Arkansas*, Administrative Office of the United States Courts.

[10]*See United States District Court Judicial Caseload Profile - District of New Mexico*, Administrative Office of the United States Courts.

FOR THE REASONS STATED ABOVE, IT IS THEREFORE ORDERED THAT the Defendant's Motion for Summary Judgment (Dkt. #29) shall be, and it is hereby DENIED.

IT IS FURTHER ORDERED THAT Defendants' Alternative Motion to Transfer to the United States District Court for the District of New Mexico (Dkt. #29) shall be, and it is hereby GRANTED.  The Clerk is directed to transfer this case to the United States District Court for the District of New Mexico.

Dated this 28th day of November, 2006.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE